SIGMUND ZOCHOWSKI, PLAINTIFF-RESPONDENT, v. MICHAEL ZUKOWSKI, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellant, *Autenrieth & Wortendyke.*

For the respondent, *Edmond J. Dwyer.*

The opinion of the court was delivered by

WELLS, J.  This is an appeal from a judgment of the Supreme Court entered upon the verdict of a jury at the

Hudson Circuit in favor of the plaintiff and against the defendant-appellant, Zukowski, and a co-defendant, Harwood.

This appeal is by the defendant Zukowski; the defendant Harwood has not appealed.

The action was brought to recover damages for personal injuries sustained by plaintiff through a collision between a Ford truck owned and driven by appellant, Zukowski, and a Chevrolet car owned and operated by the defendant Harwood, at the intersection of Second and Bergen streets, Harrison, New Jersey. At the time of the collision plaintiff was an invitee upon the truck of the appellant.

When plaintiff rested his case, appellant moved the court for a nonsuit upon the ground that the evidence adduced failed to support any reasonable inference that the appellant was guilty of any negligence which was a proximate or concurring cause of the injuries complained of, and upon the further ground that the evidence on the plaintiff's case affirmatively exonerated appellant of any negligence which was a proximate or concurring cause of said injuries. This motion was denied and an exception allowed.

At the conclusion of the defendant's case there was a motion for the direction of a verdict in favor of appellant on the same grounds as urged in the motion for nonsuit. This was also denied.

The sole ground argued for reversal is that there was error in the denial of the motion for a nonsuit.

Of course, on the appeal, we are not concerned with the weight of the evidence. Motions for nonsuit and to direct a verdict for the defendant, for the purpose of the motions, in effect admit the truth of the evidence, and of every inference of fact that can be legitimately drawn therefrom, which is favorable to the plaintiff, but deny its sufficiency in law; and where such evidence or inference of fact will support a verdict for the plaintiff, such motions must be denied. *Fine and Jackson Trucking Corp.* v. *Lehigh Valley Railroad Co.,* 110 *N. J. L.* 385.

At the close of the plaintiff's case there were proofs and legitimate inferences from which the jury might find that

the appellant and plaintiff were traveling southerly in appellant's truck along Second street (which runs north and south) approaching its intersection with Bergen street (which runs east and west) at a speed of fifteen-twenty miles an hour, that the defendant Harwood was approaching in his car along Bergen street in a westerly direction, and that appellant's view as he looked easterly toward Bergen street was obstructed by a high board fence until within ten feet of Bergen street; that when appellant was at a point ten feet from Bergen street he had notice of the approach of Harwood's car which was then about seventy-five feet away and traveling toward Second street at a speed of approximately fifty miles an hour; that after appellant's truck had actually reached Bergen street, plaintiff observed that Harwood's car was about thirty feet away from the truck and still traveling at the same or a greater rate of speed toward Second street; that despite the fact that Harwood's car did not slacken its speed, appellant continued on his course at fifteen-twenty miles per hour, sounding no alarm, and when appellant had traversed about three-fourths of the way across the intersection, the defendant Harwood attempted to swing in front of appellant, and appellant thereupon pressed on the brakes but the collision occurred.

The impact caused the plaintiff, who was sitting on the seat beside the appellant, to be hurled from the truck, thereby causing his injuries.

The two streets are approximately thirty-six feet in width and the location is generally regarded as a business district. The traffic on Second street was not controlled by a traffic officer or by signal.

The Traffic act (*Pamph. L.* 1928, *ch.* 281, *art.* 9-4) permits a speed not exceeding fifteen miles an hour when approaching within fifty feet, and in traversing, an intersection of highways, when the driver's view is obstructed; and a speed not exceeding fifteen miles an hour, on highways in a business district when there are no traffic officers or signals.

The Traffic act expressly provides, however, that when the

maximum speed authorized by the act would be unsafe it *shall* not be lawful; and especially enjoins every driver of an automobile on the highway to drive at a careful and prudent speed not greater than is reasonable and proper having due regard to the conditions then existing.

Whether or not the appellant acted in compliance with the provisions of the Traffic act, and if not, whether his violation thereof constituted negligence and whether, if so, such negligence was a proximate cause of the accident, were in our opinion, questions for the jury and not for the court to decide.

Under the facts as presented by the plaintiff, the jury could reasonably determine that the appellant was negligent in the operation of his truck in proceeding into Bergen street at a rate of speed estimated as between fifteen and twenty miles per hour, into the path of an approaching automobile, moving at a rate of speed in excess of fifty miles per hour and at a distance variously estimated at thirty-five and seventy-five feet away.

It is true that appellant was approaching from the right, and technically possessed of the right of way, but this Traffic act regulation does not constitute a hard and fast rule. It is a right that should be exercised reasonably in the light of the circumstances existing at a given time and place. *Carero et al.* v. *Breslin,* 3 *N. J. Mis. R.* 507.

It was for the jury to determine whether or not appellant properly availed himself of the right of way. From the evidence the jury might have found that appellant saw a car approaching at a reckless rate of speed, and that a collision would be inevitable if he did not control his own truck; that he made no attempt to avoid a collision until at the very last moment when it was too late.

Apart from the consideration of breaches of the provisions of the Traffic act, the jury might have found, and no doubt did find, that the act of crossing an intersection in the face of apparent danger was negligence.

We think that the trial court properly denied defendant's motion for a nonsuit.

Assuming, however, without deciding, that the motion to

nonsuit when made should have been granted, we think that the subsequent proofs cured the error and raised a jury question whether the injuries plaintiff sustained were due to appellant's negligence.

It is well settled that a ruling denying a motion for nonsuit, erroneous at the time it is made, may be cured by subsequent proofs. *VanCott* v. *North Jersey Street Railway Co.*, 72 *N. J. L.* 229; *McGee* v. *Kraft*, 110 *Id.* 533.

Testimony offered on behalf of the co-defendant, Harwood, indicated that the grease retainers on the brakes of appellant's truck were worn out, so that the brakes were soaked with grease, that oozed through the brake drum to the brake band itself, tending to prove that the brakes were defective and would not hold; and that there were marks on the pavement resembling burnt tire marks, which followed the course of the appellant's truck for a distance of forty-eight feet across the intersection of the two streets, tending to prove that the brakes were not functioning.

There was further testimony that the appellant was under the influence of intoxicating liquor at the time of the accident and unfit to drive an automobile, tending to show lack of control. Appellant did not testify in his own behalf.

The complaint alleged as acts of negligence, excessive speed, defective brakes, failure to maintain proper control and a general charge of negligence.

The evidence of appellant's negligence submitted was well within the allegations of the complaint. While the testimony was conflicting in many material points, yet it clearly presented a case for the jury.

We find no error in the refusal of the trial court to nonsuit the plaintiff, or to direct a verdict for the appellant.

We are, therefore, of the opinion that the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.